# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                                                    CRIMINAL No. 11-1204 LH

WARREN RIVERA,

    Defendant

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes on for consideration of Defendant's Refiled Motion for Judgement of Acquittal ["Motion"] (Docket No. 93), filed December 6, 2011. The Court, having reviewed the Motion, the government's Response, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and it will be **denied**.

    Following a jury trial, Defendant was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in the Indictment. Defendant now moves for a judgment of acquittal on grounds of insufficiency of the evidence. Specifically, he maintains that the government's case "gave equal support to the possibility that the Defendant had not possessed a firearm." Mot. ¶ 6. In support of his Motion he asserts the legal argument that "if the evidence gives 'equal or nearly equal circumstantial support tot [sic] theory of guilt and theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt' and the Court

should enter an acquittal." *Id.* ¶ 5 (quoting *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002); citing *United States v. Hernandez-Bautista*, 293 F.3d 845, 854 (5th Cir. 2002)).

The hurdle facing Defendant is high; a jury verdict will be overturned "only . . . if 'no reasonable juror could have reached the disputed verdict.'" *United States v. Magleby*, 241 F.3d 1306, 1312 (10th Cir. 2001) (quoting *United States v. Whitney*, 229 F.3d 1296, 1300-01 (10th Cir. 2000)). In determining the sufficiency of the evidence, the Court reviews "the record as a whole and consider[s] the collective inferences reasonably drawn therefrom." *Id.* (citing *United States v. Jenkins*, 175 F.3d 1208, 1215 (10th Cir. 1999)). Where conflicting evidence exists, the Court is not to "question the jury's conclusions regarding the credibility of witnesses or the relative weight of the evidence," *id.* (citing *United States v. Springfield*, 196 F.3d 1180, 1184 (10th Cir. 1999)), but "must presume that the trier of fact resolved any such conflicts in favor of the prosecution," *id.* (quoting *Wingfield v. Massie*, 122 F.3d 1329, 1333 (10th Cir. 1997)). The Court's determination, then, is "simply . . . 'whether [the] evidence, if believed, would establish each element of the crime.'" *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001) (alteration in original) (quoting *United States v. Evans*, 42 F.3d 586, 589 (10th Cir. 1994)). "'[T]he evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt.'" *Magleby*, 241 F.3d at 1312 (quoting *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000)). The Court "must ask 'only whether taking the evidence –both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find [Defendant] guilty beyond a reasonable doubt.'" *Id.* at 1311-12 (alterations in original) (quoting *Springfield*, 196 F.3d at 1184).

The Court does not find Defendant's Motion well taken in any respect.  First, the evidence the government presented against Defendant was not circumstantial, nor was the evidence at trial by any means of equal weight.  As the Tenth Circuit Criminal Pattern Jury Instructions explain,

> There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is *direct evidence*, such as the testimony of an eyewitness.  The other is *indirect or circumstantial evidence*, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

10th Cir. Criminal Pattern Jury Instructions No. 1.07 (2011 ed.) (emphasis added).  At trial, three eyewitnesses testified that they saw Defendant in possession of a firearm; there was no evidence presented to contradict these witness.  Furthermore, the Tenth Circuit has "expressly rejected" the standard "that evidence which is consistent with both innocence and guilt is insufficient to uphold a conviction[, rather] adopting 'a single test that applies in criminal cases,' which is whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt."  *United States v. Rahseparian*, 231 F.3d 1257, 1262 n.2 (2000) (quoting *United States v. Price*, 795 F.2d 61, 62-63 (10th Cir. 1986) and citing *United States v. Hooks*, 780 F.2d 1526, 1530-31 (10th Cir. 1986)); *see also United States v. Saborit*, 967 F. Supp. 1136, 1143 n.2 (N.D. Iowa 1997) (collecting cases in various Circuit that do follow at least a variation of the standard, but noting that the Tenth Circuit Court of Appeals "has flatly rejected" its application (citing and quoting *Price*, 795 F.2d at 62)).

In conclusion, the Court finds, considering all of the evidence in the light most favorable to the government, together with reasonable inferences drawn therefrom, that a reasonable jury could, and did, find Defendant guilty beyond a reasonable doubt of being a felon is possession of a firearm.  Thus, Defendant's Motion must be denied.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Refiled Motion for Judgement of Acquittal (Docket No. 93), filed December 6, 2011, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**