IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                          CRIMINAL No. 11-1204 LH

WARREN RIVERA,

    Defendant


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Defendant's Refiled Motion for a New Trial ["Motion"] (Docket No. 95), filed December 6, 2011.  The Court, having reviewed the Motion, the government's Response, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and it will be **denied**.

Following a jury trial, Defendant was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in the Indictment.  Defendant now moves for a new trial.  He first contends that the Court erred in refusing to allow him to confront witness Valentina Gonzales with a document which would refresh her memory.  He also objects to the Court's Jury Instruction No. 14, on grounds that it was unnecessary and misleading to allow the jury to consider the law on constructive possession.  Defendant argues further error by the Court in not granting a mistrial, *nunc pro tunc*, when it was discovered that the government had given the jury a transcript of a telephone call which had been disallowed.  Finally, he maintains that it was

error to give the jury an *Allen* charge, particularly as the jury had been deliberating for only one-and-a-half hours.

Pursuant to Rule 33, on a defendant's motion the Court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Court is afforded discretion in making its ruling, and may "weigh the evidence and assess witness credibility." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Such a motion, however, is "not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)). "A decision is an abuse of discretion only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1270 (quoting *United States v. Combs*, 267 F.3d 1167, 1176 (10th Cir.2001) (internal quotes omitted)).

Defendant first maintains that a new trial is warranted because he was not allowed to confront witness Valentina Gonzales with a copy of her Probation Violation Admission Agreement, in order to refresh her memory. In that document, Valentina had admitted that she "was arrested on April 4, 2011 in possession of a black hand gun sticking out of her pants in plain view, in violation of the terms and conditions of her probation and in violation of State Law." United State's Am. Resp. Mot. New Trial, Ex. 2 ¶ 1. As the government notes, however, while the witness stated that she never had admitted to being in possession of a firearm, there was no testimony that she did not remember whether she had so admitted.

Additionally, even if error was committed with regard to use by the Defense of the Probation Violation Admission Agreement, it most certainly was harmless. Both Valentina and her mother, Lorraine Gonzales, testified that Valentina was in possession of the firearm in question when the

error to give the jury an *Allen* charge, particularly as the jury had been deliberating for only one-and-a-half hours.

Pursuant to Rule 33, on a defendant's motion the Court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Court is afforded discretion in making its ruling, and may "weigh the evidence and assess witness credibility." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Such a motion, however, is "not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)). "A decision is an abuse of discretion only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1270 (quoting *United States v. Combs*, 267 F.3d 1167, 1176 (10th Cir.2001) (internal quotes omitted)).

Defendant first maintains that a new trial is warranted because he was not allowed to confront witness Valentina Gonzales with a copy of her Probation Violation Admission Agreement, in order to refresh her memory. In that document, Valentina had admitted that she "was arrested on April 4, 2011 in possession of a black hand gun sticking out of her pants in plain view, in violation of the terms and conditions of her probation and in violation of State Law." United State's Am. Resp. Mot. New Trial, Ex. 2 ¶ 1. As the government notes, however, while the witness stated that she never had admitted to being in possession of a firearm, there was no testimony that she did not remember whether she had so admitted.

Additionally, even if error was committed with regard to use by the Defense of the Probation Violation Admission Agreement, it most certainly was harmless. Both Valentina and her mother, Lorraine Gonzales, testified that Valentina was in possession of the firearm in question when the

police arrived on the scene and that Valentina was arrested because the gun was in her waist band. In fact, Lorraine testified that Valentina was jailed for being a felon in possession of a firearm. Furthermore, to the extent the admission of the Probation Violation Admission Agreement would have impeached Valentina's credibility, such evidence would have been cumulative, as both Valentina and Lorraine testified to her being a felon and Valentina and her father, Carlos Gonzales, testified that at the time of the events at issue, she was attempting to report for a drug test.

The Court also finds no error in Jury Instruction No. 14. There was more than sufficient evidence at trial for the Jury to consider whether Defendant was in constructive possession of the firearm, even though when he saw the police he put it in Valentina's waistband.

Additionally, no error results from the Court not granting a mistrial, *nunc pro tunc*. Defendant apparently feels that he is entitled to a new trial because the Court did not declare a mistrial when it was discovered that two jurors apparently had been given the transcript of the first 911 call made by Lorraine Gonzales, rather than the second, which was admitted without objection and played for the Jury. This error did not come to light until the Jury, while deliberating, sent a note to the Court stating that two jurors had inadvertently seen the transcript of the first 911 call and, if it was introduced into evidence, requesting that transcript.

Initially, the Court must note that Defendant did not move for a mistrial regarding this incident before the Jury returned its Verdict. As discussed in the Memorandum Opinion and Order denying Defendant's Refiled Motion for Mistrial, such a motion cannot be granted after a verdict is rendered. *See United States v. Alvarez-Moreno*, 657 F.3d 896, 900-01 (9th Cir.2011). Also, Defendant is incorrect in asserting that the Court had disallowed admission of the first 911 call; the government withdrew it before the Court made a ruling. Moreover, Defendant has made no effort to inform the Court what harm, if any, resulted. In any case, any possible harm was cured by the

Court's response to the Jury: "The transcript referred to was not admitted in evidence. It may not be considered in your deliberations."

Finally, the Court did not err in giving the Tenth Circuit's modified *Allen* instruction. *See* 10th Cir. Criminal Pattern Jury Instructions No. 142 (2011 ed.). Less than two hours into its deliberations, the Jury informed the Court that it was not unanimous in its verdict and was unlikely to agree. Given that the Tenth Circuit has indicated a preference that the substance of a modified *Allen* charge be given as part of the original set of instructions, before any impasse or deadlock might be reached, *id.* Use Notes, the danger of the Court's instruction having been impermissibly coercive was minimal, at best, when given so early in the deliberations.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Refiled Motion for a New Trial (Docket No. 95), filed December 6, 2011, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**