IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                     No.     CV 16-0882 LH/LAM
                                                                       CR 11-1204 LH

WARREN RIVERA,

    Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 1*],[2] filed on May 24, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on November 29, 2016 [*Doc. 11*], and Defendant filed a reply on January 6, 2017 [*Doc. 15*]. United States District Judge C. LeRoy Hansen referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the motion, response, reply, relevant law, and the record in this case and in Defendant's underlying

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0882 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-11-1204 cited in this decision will be designated as "*Cr.Doc.*"

criminal case contained in Case No. CR-11-1204, the undersigned recommends, for the reasons set forth below, that the claims raised Defendant's § 2255 motion [*Doc. 1*] be **DENIED in part**, and that the parties be allowed additional time to brief the issue of the conditional discharge of one of Defendant's aggravated assault charges.

**Factual and Procedural Background**

On May 11, 2011, a federal grand jury charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Cr.Doc. 14*]. On October 18, 2011, a jury convicted Defendant of being a felon in possession of a firearm, as charged in the Indictment. [*Cr.Doc. 76*]. On February 12, 2013, Defendant was sentenced to a term of 270 months imprisonment, and 3 years of supervised release. [*Cr.Doc. 129* at 2-3].

In his § 2255 motion, Defendant states that, at sentencing, the Court adopted the Presentence Report's ("PSR") conclusion that Defendant was subject to the Armed Career Criminal Act ("ACCA") based on three prior convictions: (1) aggravated assault (deadly weapon); (2) aggravated battery against a household member (great bodily harm); and (3) aggravated assault against a household member (deadly weapon). [*Doc. 1* at 2-3]; *see also* [*Doc. 17-1* at ¶¶ 25, 40, 41, and 42]. Defendant contends that his prior convictions for aggravated assault no longer qualify as violent felonies following the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See id.* at 10-21. Defendant contends that these convictions are not enumerated offenses under the ACCA (*see id.* at 11), and that they do not fall under the force clause of the ACCA (*see id.* at 11-21). Therefore, Defendant contends that "[b]ecause the prior convictions for aggravated assault are no longer valid predicate offenses after *Johnson*, [Defendant's] sentence exceeding the statutory maximum for his offense of conviction violates due process of law and he is entitled to

2

resentencing." *Id.* at 23. In addition, Defendant contends that he is no longer a career offender under the Sentencing Guidelines. *See id.* at 23.

In response, the Government states that the Tenth Circuit has recently found that New Mexico aggravated assault constitutes a crime of violence under the Sentencing Guidelines' force clause. [*Doc. 11* at 3-8] (citing *United States v. Maldonado-Palma*, 830 F.3d 1244 (10th Cir. 2016)). The Government contends that, since the Sentencing Guidelines' force clause is identical to the ACCA's force clause, the holding in *Maldonado-Palma* supports a finding that New Mexico aggravated assault is a crime of violence under the ACCA's force clause. *See id.* at 5-8. The Government also contends that Defendant's aggravated battery conviction is a crime of violence under the ACCA's force clause. *See id.* at 8-14. Finally, the Government notes that one of Defendant's aggravated assault convictions was resolved by the New Mexico district court through a conditional discharge. *See id.* at 14 (citing the *Doc. 17-1* at ¶ 40). The Government states that "[a] conditional discharge does not involve an adjudication of guilt by the Court," but that "[t]his issue was not raised by any party previously and would not be subject to the retroactive application of . . . *Johnson*," so "it would be subject to the one-year statute of limitations period governing . . . § 2255 motions, which has long since expired." *Id.* The Government states that "[t]he undersigned prosecutor does not desire, however, to not [sic] hide behind procedural defenses in order to allow an illegal sentence to stand." *Id.* (noting in footnote 1 that a waiver of the statute of limitations defense "would require authorization above the undersigned prosecutor's level of authority"). The Government notes that the issue of whether a New Mexico conditional discharge can be used as a prior conviction for purposes of the ACCA is unclear. *See id.* at 14-18. Therefore, the Government states that, if "the Court resolves the *Johnson* analysis in the government's favor, the government requests an opportunity to provide additional briefing and a

decision from the United States Attorney's Office as to any waiver of the statute of limitations." *Id.* at 18.

In reply, Defendant states that he maintains that his aggravated assault conviction is not a crime of violence under the ACCA, however, Defendant "acknowledges that the Tenth Circuit's recent decision in *United States v. Maldonado-Palma* counsels a different conclusion." [*Doc. 15* at 1]. Defendant further acknowledges that the Court is bound by that decision. *See id.* at 2. However, Defendant contends that he is still entitled to relief because one of his aggravated assault charges resulted in a conditional discharge, which is not a conviction. *See id.* at 2-8. Defendant notes that one judge in this Court found that a conditional discharge counts as a "prior sentence" for purposes of calculating a defendant's criminal history under the Sentencing Guidelines. *See id.* at 5. However, Defendant also notes that in another case in this Court a judge found that a conditional discharge is not a prior conviction for purposes of an enhancement under 21 U.S.C. § 841(b)(1)(A), which Defendant contends is a statute similar to the ACCA. *See id.* In addition, Defendant notes that "New Mexico's habitual offender statute explicitly allows the use of conditional discharge orders to enhance sentences for repeat offenders." *Id.* at 7 (citing N.M.S.A. § 31-18-17(A)). However, Defendant contends that "that statute distinguishes between prior convictions and conditional discharges," and that "the New Mexico courts have rejected the argument that a conditional discharge can be used to enhance a sentence under other statutes that do not include language explicitly authorizing the use of a conditional discharge for that purpose." *Id.* (citations omitted). Defendant contends that this claim should not be time-barred, stating that "[b]ecause [Defendant's] ACCA sentence was imposed on grounds invalidated under *Johnson*, this Court can uphold that sentence only if it now finds that [Defendant] has three or more qualifying convictions under the remaining two prongs of the ACCA." *Id.* at 7-8. Therefore,

Defendant asks the Court to find that his 2007 Order of Conditional Discharge does not qualify as a previous conviction for purposes of the ACCA, and to resentence him without the ACCA enhancement. *See id.* at 8. In the alternative, Defendant states that he "agrees with the procedure the United States proposes in its response; namely, providing the United States an opportunity to provide additional briefing and a decision from the United States Attorney's Office as to any waiver of the statute of limitations." *Id.* at 8, n.3. Defendant also asks that he be given "an opportunity to respond to such briefing and to the decision of the United States Attorney's Office."

Because the parties agree that Defendant's prior convictions for aggravated assault fall under the ACCA's force clause pursuant to the Tenth Circuit's holding in *Maldonado-Palma*, the Court recommends that this claim should be denied. The Court also recommends that Defendant's contention that he is no longer a career offender under the Sentencing Guidelines be denied because the United States Supreme Court in *Beckles v. United States*, 137 S.Ct. 886, 897 (2017) recently held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge. The Government argues that Defendant's prior conviction for aggravated battery qualifies as an ACCA-predicate offense (*see Doc. 11* at 8-14), and it appears that Defendant agrees (*see Doc. 1* at 21-22, stating that "[o]nly one of [Defendant's] remaining prior convictions arguably qualifies as a crime of violence: a 2007 New Mexico conviction for aggravated battery (great bodily harm)"). Defendant, however, does contend that his other two felony convictions -- for theft and possession of cocaine -- do not qualify as ACCA-predicate offenses (*see id.* at 22), which the Government does not dispute, and the Court finds no reason to find otherwise. Therefore, the Court finds that Defendant's aggravated assault convictions are proper ACCA-predicate offenses, and that those convictions and his aggravated battery conviction satisfy the ACCA for an enhanced sentence. However, the Court does not recommend dismissal of this

5

case at this time because the Government has raised the issue that one of Defendant's aggravated assault charges resulted in a conditional discharge instead of a conviction. The Government raises the issue only in the event that the Court resolves the *Johnson* issue in favor of the Government, *i.e.*, that Defendant's aggravated assault with a deadly weapon convictions constitute crimes of violence under the ACCA. Otherwise, the Government states that "[i]f the Court resolves the *Johnson* analysis in [Defendant's] favor, there would be no need to address the issue of the conditional discharge [since] [t]hat issue would be moot." [*Doc. 11* at 18]. Since the Court recommends that the *Johnson* issue regarding Defendant's prior convictions for aggravated assault with a deadly weapon be resolved in favor of the Government, the Court finds that the Government's request for an opportunity to provide supplemental briefing and a decision from the United States Attorney's Office as to any waiver of the statute of limitations, and Defendant's request for an opportunity to respond to the supplemental briefing, are reasonable in light of the issues raised by the parties. Therefore, the Court recommends that Defendant's claims in his § 2255 motion be denied in part, that the Government be given fourteen (14) days to provide supplemental briefing on Defendant's conditional discharge and a decision from the United States Attorney's Office as to any waiver of the statute of limitations, and that Defendant be given fourteen (14) days to respond to the Government's supplemental briefing.

## Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that the claims raised in Defendant's *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 1*] be **DENIED in part**.

**IT IS FURTHER RECOMMENDED** that, **within fourteen (14) of the entry of an order adopting these Proposed Findings and Recommended Disposition**, the Government

shall file supplemental briefing on Defendant's conditional discharge and a decision from the United States Attorney's Office as to any waiver of the statute of limitations.

**IT IS FURTHER RECOMMENDED** that, **within fourteen (14) days of the filing of the Government's supplemental briefing**, Defendant shall file a response to the Government's supplemental briefing.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**